**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**CRIMINAL CASE NO. 3:03cr127**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| **RICHARD OLTON.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reconsideration of Court's Order Denying Defendant's Rule 33 Motion for New Trial Pursuant to Rule 47 of the Federal [Rules] of Criminal Procedure [Doc. 140], filed March 19, 2008. No response from the Government is required.

On February 13, 2008, the undersigned denied the Defendant's motions for a new trial, to expedite a ruling thereon, and for the return of property. [Doc. 138]. The Defendant moves for reconsideration of that Order; or in the alternative, for leave to appeal the ruling.

Defendant states that the trial judge, Hon. William L. Osteen, Sr., should have ruled on his motion for a new trial. Judge Osteen retired and is

1

thus unavailable to rule on the motion. For that reason the case was reassigned to the undersigned. Defendant also claims he never received the Government's response to his motion. The certificate of service provided in that response, however, shows that the Government served the Defendant at the same address as that used by the Defendant on his pleadings. [Doc. 137, filed February 5, 2008].

A close reading of the Defendant's motion shows that his real complaint is a lack of his ability to appeal. As a result, he asks the undersigned to enter new orders as to each motion separately in order to start anew the time within which to file appeal. The Court does not have the authority to do so. United States v. Little, 392 F.3d 671(4th Cir. 2004).

Federal Rule of Appellate Procedure 4(b) provides that a notice of appeal must be filed in a criminal case within ten days of entry of the order being appealed. Fed.R.App.P. 4(b)(1)(A)(i). Federal Rule of Appellate Procedure 26 provides that when computing that ten day period, intermediate Saturdays and Sundays should be excluded. Fed.R.App.P. 26(a)(2). As a result, the Defendant's notice of appeal should have been filed on or before February 27, 2008.

Federal Rule of Appellate Procedure 4 also provides for an extension

of time within which to appeal "upon a finding of excusable neglect or good cause" "before or after the time has expired, with or without motion and notice" "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by" Rule 4. Fed.R.App.P. 4(b)(4). The Defendant's motion to reconsider clearly seeks to initiate or facilitate the initiation of an appeal and was filed on March 19, 2008, which is within the thirty day period following February 27, 2008. Fed.R.App.P. 3(c)(1); Little, 392 F.3d at 681 ("[W]hen a party files a notice of appeal 'that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.'" "[T]he policy of construing notices of appeal liberally applies 'especially' to *pro* se filings.*").* As a result, the undersigned will consider whether the Defendant has shown excusable neglect or good cause. United States v. Monroe, 2008 WL 553001 (4th Cir. 2008).

The Defendant states in the motion that he did not know the Court had issued a ruling until his wife called the Clerk of Court to inquire as to the status of the motions. [Doc. 140, supra., at 2]; see *e.g.*, United States v. Stewart, 2007 WL 4561485 **2 (4th Cir. 2007) ("In his notice of appeal, Stewart claimed that he did not receive a copy of the denial of his motion;

3

rather, he learned of the denial from his wife who observed the denial on the case docket on the internet." )(remanding case for finding of excusable neglect). A finding of excusable neglect is based on "the danger of prejudice [to the opposing side], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). "The most important of these factors is the untimely party's reason for delay." Stewart, supra., *citing* Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996).

In Stewart, supra., the Fourth Circuit remanded to the district court for a determination of whether the defendant's allegation that he did not receive a copy of the order from which he desired to appeal constituted excusable neglect. Since the same allegation is made here, the undersigned finds that it is appropriate to consider the claim. Pioneer Inv. Servs. Co., supra. (court should consider whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith.) The Defendant here has not delayed; he attempted to appeal as soon as his wife learned of the ruling. Id. Since there was no delay, there was no prejudice to the

Government resulting therefrom. Id. The Court therefore finds that the Defendant has established excusable neglect for filing a notice of appeal. United States v. Reyes, 759 F.2d 351 (4th Cir. 1985), *certiorari denied* 474 U.S. 857, 106 S.Ct. 164, 88 L.Ed.2d 136 (1985).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reconsideration of Court's Order Denying Defendant's Rule 33 Motion for New Trial Pursuant to Rule 47 of the Federal [Rules] of Criminal Procedure [Doc. 140] is hereby **DENIED** as to the request for reconsideration.

**IT IS FURTHER ORDERED** that the Defendant's Motion is hereby construed as an untimely notice of appeal and as a motion for an extension of time within which to appeal.

**IT IS FURTHER ORDERED** that the Defendant's motion for an extension of time within which to appeal is hereby **GRANTED** and Document 140 is construed as a timely notice of appeal.

Signed: April 17, 2008

Martin Reidinger
United States District Judge