UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:03-CR-00127-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **RICHARD OLTON,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) Pursuant to Amendments of the First Step Act, hereinafter the "2018 FSA." Defendant contends that he is entitled to a time-served sentence under the FSA. As it is apparent from the face of the pleadings and the docket that defendant is entitled to no relief, the motion will be denied.

On November 5, 2004, defendant was convicted of Conspiracy to Possess with Intent to Distribute, and Distribute, Cocaine, Cocaine Base, and Heroin (21 U.S.C. §§ 841(b)(1)(A), 846, and 851) ("Count 1"); Possession with Intent to Distribute Cocaine and Heroin (21 U.S.C. §§ 841(b)(1)(B) and 851) ("Count 2"); Possession of a Firearm by a Convicted Felon (18 U.S.C. § 922(g)(1)) ("Count 3"); and Possession of a Firearm During and In Relation to a Drug Trafficking Crime (18 U.S.C. § 924(c)) ("Count 4"). While convicted of all offenses, defendant's sentence of 300 months was driven by the statutorily-required mandatory minimum sentence of 240 months under 21 U.S.C. § 841(b)(1)(A) and § 851 on Count 1 and the consecutive mandatory minimum sentence of 60 months on Count Four under 18 U.S.C. 924(c)(1).

At sentencing on June 7, 2005, the Court[1] determined that the Base Offense Level was 34, based on defendant being responsible for a drug equivalency of 3,785.648 kilograms of marijuana. The Total Offense Level was 36. Combined with a Criminal History Category of I, this produced a Guidelines range of 188 to 235 months. However, since defendant was subject to a 240-month mandatory minimum sentence based on a § 851 notice, his Guidelines range became 240 months. See USSG §5G1.1. The Court imposed a sentence of 240 months for Counts 1 and 2, 120 months concurrent in Count 3, and 60 months consecutive in Count 4, for a total aggregate sentence of 300 months' imprisonment. The government did not file a motion pursuant to 18 U.S.C. § 3553(e). After passage of the Fair Sentencing Act in 2010 (hereinafter "2010 FSA"), this Court reviewed defendant's drug sentence and determined that, under Amendment 782, he was not eligible for relief even though his Amended Offense Level was 30 because he remained subject to the mandatory minimum of 20 years under § 841(a)(1). Order (#199).

In the instant motion, defendant argues that not only is he entitled to relief under the 2018 FSA, he is entitled to immediate release. While this District has implemented a systematic process for reviewing judgments under the 2018 FSA lead by the Federal Defender, defendant's claim that he is entitled to immediate release has caused this Court to immediately review his motion.[2] While the 2018 FSA makes retroactive the 2010 FSA reductions for sentences imposed for cocaine base ("crack") convictions, that application does not necessarily mean that every sentence for a conviction involving crack cocaine will be reduced.

In defendant's case, he is not eligible for relief under the 2018 FSA sentence reduction provisions for the same reasons he was ineligible under Amendment 782. While the conviction

---

[1] Judge William L Osteen, sitting by designation, sentenced defendant.
[2] While not deemed to be a *habeas* or § 2241 motion asserting unlawful continued detention, this Court takes seriously assertions of a right to immediate release as continued incarceration when a sentence has expired is fundamentally unfair.

2

on Count 1 did involve a quantity of crack cocaine that was well below 280 grams, see PSR Supp. (#197) at 1, the conviction also involved powder cocaine, which Judge Osteen determined at sentencing was 5.48 kilograms. Id. Neither the 2010 FSA nor the 2018 FSA provide reductions for drug quantities involving powder cocaine. With powder cocaine being in excess of 5 kilograms and the Section 851 notice being applicable, defendant remains subject to the 20 mandatory minimum on Count 1 even though his crack quantity is below 280 grams. Thus, he is entitled to no relief under the 2018 FSA based on drug quantity.

\*\*\*

Finally, the Court will emphasize that this determination is not intended to foreclose any review by the Federal Defender of this case pursuant to this District's plan for review of cases under the 2018 FSA. In particular, this Order, while a denial of the instant motion, is not intended to foreclose consideration of relief under other provisions of the 2018 FSA, such as the relief available under Section 603 of the Act, which provides relief for certain elderly qualified individuals.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) Pursuant to Amendments of the "The First Step Act" (#205) is **DENIED**.

The Clerk of Court is instructed to send courtesy copies of this Order to AFD Josh Carpenter, AUSA Amy Ray, PSLC Lewis, PSLC McLachlan, and Staff Attorney Petri.

Signed: March 5, 2019



Max O. Cogburn Jr
United States District Judge

3