UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03-cr-127-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **RICHARD OLTON,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Richard Olton's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 231). The Government has responded in opposition to the motion, (Doc. No. 237). For the following reasons, Defendant's motion will be **DENIED**.

### I. BACKGROUND

During 2002 and 2003, Defendant participated in a drug-trafficking conspiracy that was responsible for the distribution of a large quantity of crack cocaine in Charlotte, North Carolina. (PSR ¶¶ 11–15). Defendant supplied the leader of the conspiracy for five months, distributing between 4 and 5 kilograms of powder cocaine and 4.5 ounces of crack cocaine. (Id. ¶¶ 13, 17).

Police conducted a traffic stop of Defendant, seizing a .357 revolver under his shirt, a knife, and $13,300 in cash. (Id. ¶ 14). In Defendant's home, police found 1.5 kilograms of cocaine, 5 ounces of heroin, and more than $39,500 in cash. (Id. ¶ 15). When Defendant committed these offenses, he had previously been convicted of felony possession of marijuana and sentenced to 5 years in prison. (Id. ¶ 45). Defendant was 45 years old when he committed his offenses. (Id. at 2).

A federal grand jury indicted Defendant and charged him with conspiracy to distribute

1

and possess with intent to distribute at least 15 kilograms of powder cocaine, 150 grams of crack cocaine, and 100 grams of heroin, 21 U.S.C. § 846; possessing with intent to distribute at least 5 kilograms of powder cocaine and 100 grams of heroin, 21 U.S.C. § 841(a)(1); possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1); and possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c)(1). (Doc. No. 81). The United States filed an Information under 21 U.S.C. § 851, notifying this Court and Defendant that it intended to seek an enhanced penalty based on Defendant's prior conviction for a felony drug offense. (Doc. No. 4). A jury found Defendant guilty of all four offenses. (Doc. No. 97). The jury found that the conspiracy offense involved at least 5 kilograms of powder cocaine, 50 grams of crack cocaine, and 100 grams of heroin and that the substantive drug-trafficking offense involved at least 500 grams of powder cocaine and 100 grams of heroin. (Doc. No. 97 at 1–5).

This Court's probation office found that the Sentencing Guidelines advised a sentence of between 188 and 235 months in prison for the drug-trafficking and felon-in-possession offenses but that Defendant faced a statutory mandatory-minimum sentence of 20 years in prison for the drug-trafficking-conspiracy offense and a statutory mandatory sentence of 10 years in prison for the felon-in-possession offense. (PSR ¶¶ 68–69). The district court was required to sentence Defendant to a consecutive term of at least 5 years in prison for his section 924(c) offense. (Id.). This Court sentenced Defendant to 240 months in prison for the drug-trafficking offenses, a concurrent sentence of 120 months in prison for his felon-in-possession offense, and a consecutive sentence of 60 months in prison for his section 924(c) firearm offense, for an aggregate sentence of 300 months in prison. (Doc. No. 107 at 2).

The probation office reports that Defendant has 265 months of credited time in the Bureau of Prisons. (Gov't Ex. 1). Defendant has incurred no disciplinary citations during his

2

time in prison. (Id.). Defendant has completed 50 educational or work programs, including obtaining his GED. (Doc. No. 231-2 at 5–6). In February of 2023, Defendant submitted a request for compassionate release. (Id. at 9). Defendant now asks this Court to grant him compassionate release because he is 65, has Type II diabetes, and has served most of his sentence and because if he were sentenced today, he would not be subject to an increased sentence because of his prior drug-trafficking offense. (Doc. No. 231-1 at 1–2). Defendant also asserts that his § 924(c) firearm offense is infirm under United States v. Davis, 139 S. Ct. 2319 (2019).

**II.     DISCUSSION**

Once a defendant properly exhausts his administrative remedies, this Court may reduce Defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

Although not binding on this Court, see United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020), the commentary to Sentencing Guidelines § 1B1.13 provides specific and limited grounds for release under § 3582(c)(1)(A). These include (1) a terminal illness; or (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). A defendant's age may also warrant compassionate release, if (1) the defendant is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75% of his term of imprisonment, whichever is less. Id., §

3

1B1.13 cmt. n.1(B). Congress has made clear that rehabilitation of the defendant alone "shall not be considered an extraordinary and compelling reason" for a modification. 28 U.S.C. § 994(t).

In McCoy, the Fourth Circuit held that district courts are not limited to the grounds for compassionate release identified in section 1B1.13 and that a district court may "treat[] as [an] 'extraordinary and compelling reason[]' for compassionate release the severity of the [defendant's] § 924(c) sentences and the extent of the disparity between the [defendant's] sentences and those provided for under the First Step Act." 981 F.3d at 286. The court must make an individualized determination that the defendant has identified an extraordinary and compelling reason for compassionate release, considering, for example, the length of time already served, any rehabilitative efforts made during the defendant's time in the Bureau of Prisons, the defendant's prior criminal history, and the defendant's age at the time he committed his offenses. See id.

Defendant has not established an extraordinary and compelling reason for compassionate release. Defendant has served more than 75% of his sentence and he is 65 years old. He also alleges that he suffers from Type II diabetes, which is "minimally" treated. Defendant does not describe, however, a "serious deterioration" of his physical or mental health caused by age. Instead, he asks this Court to exercise its discretion to grant him compassionate release because, if he were sentenced today, he would not be subject to a statutory mandatory-minimum sentence of 20 years in prison because of his prior drug-trafficking sentence. (Doc. No. 231-1 at 1).

Defendant is correct that Section 401 of the First Step Act of 2018 amended 21 U.S.C. § 841(b) to provide for enhanced sentences only if the defendant was convicted of a "serious drug felony," defined as an offense punishable by 10 years in prison and for which the defendant served at least one year in prison. 21 U.S.C. §§ 802(57), 841(b)(1). Even without this mandatory

4

minimum, however, Defendant faced an advisory Sentencing Guidelines range of between 188 and 235 months in prison. The mandatory minimum only increased his sentence to a term five months above the high end of the advisory range. That difference is not enough to constitute an extraordinary and compelling reason to reduce Defendant's sentence. (Cf. Proposed Amendments to U.S.S.G. § 1B1.13 (authorizing a district court to consider "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)" in "determining whether the defendant presents an extraordinary and compelling reason" for compassionate release, where (1) the defendant received "an unusually long sentence," (2) the defendant has served "at least 10 years of the term of imprisonment," and (3) the change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed").[1]

Defendant also suggests that his Section 924(c) conviction may be infirm under Davis. In Davis, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B), defining "crime of violence," is unconstitutionally vague. 139 S. Ct. at 2323–24. Davis does not invalidate Defendant's Section 924(c) offense, however, because his predicate offense was a drug-trafficking offense, not a crime of violence, and Davis did not render invalid any portion of the definition of "drug trafficking crime." Defendant also suggests that he should not have been convicted of Section 924(c) because the firearm was not found with any drugs. The police found both the gun and more than $13,000 in case on Defendant, however, and they found a large quantity of cocaine and heroin in Defendant's home. Even if a motion for compassionate release could be used to collaterally attack a prior conviction, which it may not, see United States v.

---

[1] Available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf.

5

Ferguson, 55 F.4th 266 (4th Cir. 2022), that challenge would fail because a reasonably jury could conclude that the extraordinary amount of cash found on Defendant's person was connected to his drug-trafficking offense, as was his possession of the firearm.

Defendant suggests, finally, that his efforts at rehabilitation, his age, his Type II diabetes, and the amount of time he serves is an extraordinary and compelling reason to grant him compassionate release. Defendant's conduct in prison is laudable, but these facts do not constitute an extraordinary and compelling reason to grant Defendant compassionate release. Defendant was 45 years old when he committed his drug-trafficking offense, undermining the suggestion that his age alone should justify a reduction in his sentence. And neither his Type II diabetes nor his efforts at rehabilitation are extraordinary.

The Court further finds that, even if Defendant had shown extraordinary and compelling reasons for compassionate release, consideration of the Section 3553(a) factors counsel against relief. This Court must consider the sentencing factors in 18 U.S.C. § 3553(a), as "applicable," as part of its compassionate release analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). Those factors include "the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant." United States v. Prater, No. 3:13CR133, 2021 WL 54364, at *4 (E.D. Va. 2021) (citing 18 U.S.C. § 3553(a)(1)–(2)). Section 3553(a) also instructs courts to consider the sentencing range established for the offense, as well as "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(4), (6).

Defendant has not shown that the sentencing factors in Section 3553(a) warrant a

6

Case 3:03-cr-00127-MOC-DCK   Document 238   Filed 06/28/23   Page 6 of 7

reduction in his sentence. Defendant supplied a drug-trafficking conspiracy that distributed a large quantity of crack cocaine in Charlotte, and at 45 years of age and as someone who had earlier been sentenced to 5 years in prison for an earlier drug-trafficking offense, Defendant could not blame his youth or lack of appreciation of the consequences of his actions. Defendant's positive conduct in the Bureau of Prisons does not outweigh these factors. The nature and circumstances of Defendant's offense, his history and characteristics, the need for deterrence, the need to protect the public, and the need for just punishment all weigh in favor of denying Defendant any reduction in his sentence.

For all these reasons, the Court will deny Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 231), is **DENIED**.

Signed: June 27, 2023

Max O. Cogburn Jr
United States District Judge